CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DAVID BAHENA ESCOBAR, *individually*
*and on behalf of others similarly situated,*

                *Plaintiff,*

   -against-

SALT MEDITERRANEAN LLC (D/B/A
SALT MEDITERRANEAN RESTAURANT),
AHMET KIRAL, and YAVUZ GULU,

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff David Bahena Escobar ("Plaintiff Bahena" or "Mr. Bahena"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against SALT MEDITERRANEAN LLC (d/b/a Salt Mediterranean Restaurant), ("Defendant Corporation"), Ahmet Kiral and Yavuz Gulu, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

     1.    Plaintiff Bahena is a former employee of Defendants SALT MEDITERRANEAN LLC (d/b/a Salt Mediterranean Restaurant), Ahmet Kiral, and Yavuz Gulu.

     2.    Defendants own, operate, or control a Mediterranean, located at 1123 1st Avenue, New York, NY 10065 under the name "Salt Mediterranean Restaurant".

3. Upon information and belief, individual Defendants Ahmet Kiral and Yavuz Gulu, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Bahena was employed as waiter and food runner at the restaurant located at 1123 1st Avenue, New York, NY 10065.

5. Plaintiff Bahena was ostensibly employed as a waiter. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to taking tables outside, accommodating the cups, cutting lemons, cleaning the utensils, preparing coffee and tea, packing deliveries that were being sent out, and every Thursday cleaning the bathroom (hereafter the "non-tipped duties").

6. At all times relevant to this Complaint, Plaintiff Bahena worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Bahena appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Bahena the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Furthermore, Defendants failed to pay Plaintiff Bahena wages on a timely basis.

10. In this regard, Defendants have failed to provide timely wages to Plaintiff Bahena. Defendants employed and accounted for Plaintiff Bahena as a waiter in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Bahena's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Bahena's actual duties in payroll records by designating him as a waiter instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Bahena at the minimum wage rate and enabled them to pay below the Tip-credit Rate.

13. Defendants' conduct extended beyond Plaintiff Bahena to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bahena and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

15. Plaintiff Bahena now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16. Plaintiff Bahena seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

17. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Bahena's state law claims under 28 U.S.C. § 1367(a).

18. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mediterranean located in this district. Further, Plaintiff Bahena was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

19. Plaintiff David Bahena Escobar ("Plaintiff Bahena" or "Mr. Bahena") is an adult individual residing in Bronx County, New York.

20. Plaintiff Bahena was employed by Defendants at Salt Mediterranean Restaurant from approximately July 2021 until on or about October 15, 2021.

21. Plaintiff Bahena consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22. At all relevant times, Defendants owned, operated, or controlled a Mediterranean, located at 1123 1st Avenue, New York, NY 10065 under the name "Salt Mediterranean Restaurant".

23. Upon information and belief, SALT MEDITERRANEAN LLC (d/b/a Salt Mediterranean Restaurant) is a domestic corporation organized and existing under the laws of the

State of New York. Upon information and belief, it maintains its principal place of business at 1123 1st Avenue, New York, NY 10065.

24. Defendant Ahmet Kiral is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ahmet Kiral is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ahmet Kiral possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bahena, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25. Defendant Yavuz Gulu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yavuz Gulu is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Yavuz Gulu possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bahena, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

26. Defendants operate a Mediterranean Restaurant located in the Upper East Side section of Manhattan in New York City.

27. Individual Defendants, Ahmet Kiral and Yavuz Gulu, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff Bahena's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Bahena, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff Bahena (and all similarly situated employees) and are Plaintiff Bahena's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiff Bahena and/or similarly situated individuals.

32. Upon information and belief, Individual Defendants Ahmet Kiral and Yavuz Gulu operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff Bahena's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Bahena, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Bahena's services.

34. During 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36. Plaintiff Bahena is a former employee of Defendants who ostensibly was employed as waiter and food runner. However, he spent over 20% of each shift performing the non-tipped duties described above.

37. Plaintiff Bahena seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff David Bahena Escobar*

38. Plaintiff Bahena was employed by Defendants from approximately July 2021 until on or about October 15, 2021.

39. Defendants employed Plaintiff Bahena as a waiter and a food runner.

40. However, Plaintiff Bahena was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41. Although Plaintiff Bahena was employed as a waiter and a food runner, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42. Plaintiff Bahena regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43. Plaintiff Bahena's work duties required neither discretion nor independent judgment.

44. Throughout his employment with Defendants, Plaintiff Bahena regularly worked in excess of 40 hours per week.

45. From approximately July 2021 until on or about August 31, 2021, Plaintiff Bahena worked from approximately 11:00 a.m. until on or about 10:00 p.m., 6 days a week (typically 66 hours per week).

46. From approximately September 1, 2021 until on or about October 15, 2021, Plaintiff Bahena worked from approximately 5:00 p.m. until on or about 10:00 p.m., 3 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., 3 days a week (typically 48 hours per week).

47. Throughout his employment, Defendants paid Plaintiff Bahena his wages by personal check.

48. From approximately July 2021 until on or about October 15, 2021, Defendants paid Plaintiff Bahena approximately $16.00 per hour.

49. For approximately two and a half months, Defendants did not pay Plaintiff Bahena any wages for his work.

50. Plaintiff Bahena's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51. For example, Defendants required Plaintiff Bahena to work an additional 1 hour before his scheduled departure time every day, and did not pay him for the additional time he worked.

52. Defendants never granted Plaintiff Bahena any breaks or meal periods of any kind.

53. Plaintiff Bahena was never notified by Defendants that his tips were being included as an offset for wages.

54. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Bahena's wages.

55. Plaintiff Bahena was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bahena regarding overtime and wages under the FLSA and NYLL.

57. Defendants did not provide Plaintiff Bahena an accurate statement of wages, as required by NYLL 195(3).

58. Defendants did not give any notice to Plaintiff Bahena of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bahena (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

60. Plaintiff Bahena was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61. Defendants habitually required Plaintiff Bahena to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

62. Defendants required Plaintiff Bahena and all other waiters to perform general non-tipped tasks in addition to their primary duties as waiters.

63. Plaintiff Bahena and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

64. Plaintiff Bahena's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

65. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Bahena's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

66. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

67.     Defendants failed to inform Plaintiff Bahena who received tips that Defendants intended to take a deduction against Plaintiff Bahena's earned wages for tip income, as required by the NYLL before any deduction may be taken.

68.     Defendants failed to inform Plaintiff Bahena who received tips, that his tips were being credited towards the payment of the minimum wage.

69.     Defendants failed to maintain a record of tips earned by Plaintiff Bahena who worked as a waiter for the tips he received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

70.     Defendants paid Plaintiff Bahena his wages in personal check.

71.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

72.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Bahena (and similarly situated individuals) worked, and to avoid paying Plaintiff Bahena properly for his full hours worked.

73.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

74.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Bahena and other similarly situated former workers.

75.     Defendants failed to provide Plaintiff Escobar and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

76. Defendants failed to provide Plaintiff Bahena and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

77. Plaintiff Bahena brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

78. At all relevant times, Plaintiff Bahena and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

79. The claims of Plaintiff Bahena stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80. Plaintiff Bahena repeats and realleges all paragraphs above as though fully set forth herein.

81. At all times relevant to this action, Defendants were Plaintiff Bahena's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Bahena (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

82. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

84. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Bahena (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85. Defendants' failure to pay Plaintiff Bahena (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86. Plaintiff Bahena (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

87. Plaintiff Bahena repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Bahena overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89. Defendants' failure to pay Plaintiff Bahena overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Bahena was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

91. Plaintiff Bahena repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants failed to pay Plaintiff Bahena one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Bahena's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

93. Defendants' failure to pay Plaintiff Bahena an additional hour's pay for each day Plaintiff Bahena's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

94. Plaintiff Bahena was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

95. Plaintiff Bahena repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants failed to provide Plaintiff Bahena with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97. Defendants are liable to Plaintiff Bahena in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

98. Plaintiff Bahena repeats and realleges all paragraphs above as though fully set forth herein.

99. With each payment of wages, Defendants failed to provide Plaintiff Bahena with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

100. Defendants are liable to Plaintiff Bahena in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101. Plaintiff Bahena repeats and realleges all paragraphs above as though set forth fully herein.

102. Defendants did not pay Plaintiff Bahena on a regular weekly basis, in violation of NYLL §191.

103. Defendants are liable to Plaintiff Bahena in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bahena respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bahena and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Bahena's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Bahena and the FLSA Class members;

(e) Awarding Plaintiff Bahena and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Bahena and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bahena;

(h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Bahena;

(i) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Bahena;

(j) Awarding Plaintiff liquated damages in an amount equal to one hundred percent

(100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Bahena's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Bahena;

(m) Awarding Plaintiff Bahena damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n) Awarding Plaintiff Bahena damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Bahena liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Bahena and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Bahena and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Bahena demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 28, 2021

                                                        CSM LEGAL, P.C

                              By:        /s/ Catalina Sojo, Esq.
                                        Catalina Sojo [CS-5779517]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiff*

# CSM Legal, P.C
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

catalina@csm-legal.com

November 3, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:     David Escobar

Legal Representative / Abogado:     CSM Legal

Signature / Firma:

Date / Fecha:     3 de noviembre 2021

*Certified as a minority-owned business in the State of New York*