**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

DAVID BAHENA ESCOBAR, *individually and on behalf of others similarly situated,*

                                   *Plaintiffs*,

            -against-

SALT MEDITERRANEAN LLC (D/B/A SALT MEDITERRANEAN RESTAURANT), AHMET KIRAL and YAVUZ GULU,

                                   *Defendants.*

-------------------------------------------------------X

**22-cv-1699**

**DECLARATION OF CATALINA SOJO IN SUPPORT OF PLAINTIFF'S MOTION FOR <u>DEFAULT JUDGMENT</u>**

        Catalina Sojo, an attorney duly admitted to practice in New York and in this Court, affirms on penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

        1.      I represent Plaintiffs in this lawsuit for unpaid wages, liquidated damages, and attorneys' fees under the FLSA and New York Labor Law and regulations.

        2.      I submit this affirmation in support of Plaintiff's application for a default judgment against Salt Mediterranean LLC (d/b/a Salt Mediterranean Restaurant), Ahmet Kiral and Yavuz Gulu.

<u>Procedural History</u>

        3.      Plaintiffs commenced this action by filing the Complaint (and associated documents) on March 1, 2022. A true and accurate copy of the Complaint is attached hereto as **Exhibit 1.**

        4.      This is an action for unpaid minimum and overtime wages, spread of hours pay, under the Fair Labor Standards Act (29 U.S.C. § 201 et seq., "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. *See* Exhibit 1.

5.      The Court has subject matter jurisdiction of the Plaintiff's federal claims pursuant to 29 U.S.C. § 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction). *See* Exhibit 1.

6.      A summons and copy of the Complaint was properly served on Defendant Salt Mediterranean Restaurant, Inc. on March 3, 2022. A true and accurate copy of the affidavit of service is attached hereto as **Exhibit 2.**

7.      A summons and copy of the Complaint was properly served on Ahmet Kiral on March 8, 2022. A true and correct copy of the affidavit of service is attached hereto as **Exhibit 3.**

8.      A summons and copy of the Complaint was properly served on Defendant March 8, 2022. A true and correct copy of the affidavit of service is attached hereto as **Exhibit 4.**

9.      Upon information and belief, Defendants are neither an infants nor incompetent persons nor in the active service of the United States military.

10.     The Clerk of the Court noted default against Defendants on May 17, 2022. True and accurate copies of the Certificates of Default are attached as **Exhibit 5.**

11.     The Declaration of David Bahena Escobar ("Bahena Declaration") in support of this motion for default judgment is annexed as **Exhibit 6**.

12.     No part of the judgment sought has been paid.

<u>Statement of Facts Supporting Entry of Judgment</u>

13.     As alleged in the Complaint, and as stated in Plaintiffs' Declaration, Defendants control a Middle Eastern restaurant under the name Salt Mediterranean Restaurant located in New York, New York. (Complaint ¶ 22).

14.     Plaintiff is a former employee of Defendants. (Complaint ¶ 1, Bahena Dec. ¶ 3).

15.     Defendants had the power to hire and fire Plaintiff, controlled Plaintiff's terms and conditions of employment, and determined the rate and method of Plaintiffs, compensation. (Complaint ¶ 33, Escobar Dec. ¶ 4).

16.     Defendants had employees who handled and used goods that were produced outside the State of New York and travelled through interstate commerce.  (Complaint ¶ 35).

17.     Upon information and belief, from approximately 2020 until on or about 2021 Defendants had a gross volume of sales that exceeded $500,000. (Complaint ¶ 34),

18.     Defendants regularly required Plaintiff to work without paying him minimum wage and overtime compensation (Complaint ¶ 12, Escobar Dec. ¶ 13).

<u>David Bahena Escobar</u>

19.     Plaintiff David Bahena Escobar ("Plaintiff") was employed as a waiter and food runner by Defendants from approximately July 2021 until on or about October 15, 2021 (Complaint ¶ 38, Bahena Declaration ¶ 3).

20.     Plaintiff's work did not require discretion or independent judgment. (Complaint ¶ 43, Bahena Declaration ¶ 9).

21.     From approximately July 2021 until on or about August 31, 2021, Plaintiff Bahena worked from approximately 11:00 a.m. until on or about 10:00 p.m., 6 days a week (typically 66 hours per week). (Complaint ¶ 45, Bahena Declaration ¶ 11).

22.     From approximately September 1, 2021 until on or about October 15, 2021, Plaintiff Bahena worked from approximately 5:00 p.m. until on or about 10:00 p.m., 3 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., 3 days a week (typically 48 hours per week). (Complaint ¶ 46, Bahena Declaration ¶ 11).

23.     Throughout Plaintiff's entire employment, Defendant paid him his wages by personal check. (Complaint ¶ 47, Bahena Declaration ¶ 12)

24.     From approximately July 2021 until on or about October 15, 2021, Defendants paid Plaintiff Bahena approximately $16.00 per hour. (Complaint ¶ 48, Bahena Declaration ¶ 13)

25.     For approximately two and a half months, Defendants did not pay Plaintiff Bahena any wages for his work. (Complaint ¶ 49, Bahena Declaration ¶ 13).

26.     Defendants paid Plaintiff Bahena's every two weeks, and the payment was frequently late. (Bahena Declaration ¶ 15).

27.     Plaintiff Bahena's pay did not vary even when he was required to stay later or work a longer day than his usual schedule. (Complaint ¶ 50, Bahena Declaration ¶ 13)

28.     For example, Defendants required Plaintiff Bahena to work an additional 1 hour before his scheduled departure time every day, and did not pay him for the additional time he worked. (Complaint ¶ 51, Bahena Declaration ¶ 13)

29.     Defendants never granted Plaintiff Bahena any breaks or meal periods of any kind. (Complaint ¶ 52, Bahena Declaration ¶ 13)

30.     Plaintiff Bahena was never notified by Defendants that his tips were being included as an offset for wages. (Complaint ¶ 53, Bahena Declaration ¶ 15)

31.      Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Bahena's wages. (Complaint ¶ 54, Bahena Declaration ¶ 16).

32.     Plaintiff Bahena was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked. (Complaint ¶ 55, )

33.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding minimum wages under the FLSA and NYLL. (Complaint ¶ 56, Bahena Declaration ¶ 14).

34.     Defendants did not provide Plaintiff Bahena an accurate statement of wages, as required by NYLL 195(3). (Complaint ¶ 57, Bahena Declaration ¶ 17).

35.     Defendants did not provide Plaintiff with any written notice of his rate of pay in English and in Spanish (his primary language) of his employer's regular pay day and other information required by NYLL §195(1). (Complaint ¶ 58, Bahena Declaration ¶ 18).

Plaintiffs are entitled to Judgment by Default

36.     It is well settled that Defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

37.     Defendants have failed to file an answer or otherwise respond to the Amended Complaint, despite the time to do so have expired.

38.     Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

39.     Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id. "Together, 'Rule 55(b)(2) and relevant

case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

40.     Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, and prejudgment interest, should be awarded in the amount of $, and attorneys' fees and costs should be awarded in the amount of $.

<u>Plaintiff's Damages Calculation</u>

41.     Annexed as **Exhibit 7** is a chart setting out the damages Plaintiff is entitled to recover.

42.     In the damages chart, the Plaintiffs' wage and hour damages (including unpaid wages, overtime wage damages, spread of hours wage damages, liquidated damages, and interest) are calculated in segments of time, broken into "Pay Periods." Each pay period calculates the number of weeks in each period ("No. of Weeks in Pay Period"), and then based upon each of the Plaintiff's affidavits, lists the number of hours worked per week in each period ("Hours Per Week in Period). The applicable minimum wage data, and associated overtime rate, are included as applicable for each pay period. Then there is a column for Paid Wages, the first column calculates the "regular rate of pay" for each period by dividing the amount actually paid each week to each Plaintiff (the "Credited Weekly Pay") for each period, then dividing that amount by the "Hours Per Week in Period"). The overtime rate is calculated using a 1.5 multiplier for time and a half overtime calculations later in the chart. The "Credited Weekly Pay" is the amount of money actually paid and is based upon the Plaintiffs' affidavit. The information the number of days each

week in that period for which the Plaintiffs worked in excess of 10 hours per day is also included, and was therefore entitled to Spread of Hours Pay ("No. of SOH Days Per Week in Period").

43.    Calculations within the Chart – The "Lawful Weekly Pay" column of the chart calculates what the Plaintiff should have been paid per week during each pay period. The actual formula used in this column is as follows:(greater of minimum wage or regular hourly wage) * Hours Per Week up to 40) + ((greater time and a half rate) * (Hours Per Week over forty, if any)).

44.    The chart therefore automatically determines whether the effective rate of pay falls below the minimum wage, and if it does, it discards it. If it does not, it uses it for the subsequent calculations (as the Plaintiff is entitled to earn at least the minimum wage). The chart then automatically calculates what the hours should have been compensated at under the base rate of pay up to the first 40 hours of work per week, and then at time-and-a-half pay for any hours over 40. The Chart then subtracts the amount actually paid to Plaintiff (the "Credited Weekly Pay") and then derives the "Underpayment per Week." This number is then multiplied by the number of weeks in each period and derives the total damages due for unpaid minimum wages and overtime for each period ("Unpaid Wages & OT"). The Chart then applies the liquidated damages provisions of the NYLL to the "Unpaid Wages and OT" automatically in the "Liq. Damages on Wages & OT" by 25% for damages occurring prior to April 9, 2011, if any, and 100% for any subsequent damages.

45.    The unpaid spread of hours pay ("Unpaid Spread of Hours (SOH) Pay") is derived by multiplying (the number of SOH days per week) * (the number of weeks per period) * (the minimum wage).  The liquidated damages on SOH pay are all calculated at the rate of 100%.

46.    The legal basis for the damages calculations within the chart are set out below.

<u>Back Pay</u>

7

47.     At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour. Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). From 2011 to 2013, the minimum wage under New York law was the same as under the FLSA.

48.     The applicable New York minimum wage rate at all relevant times was $15.00 per hour. N.Y.L.L. §652. New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4. The regular rate is the rate an employee is regularly paid for each work hour. 12 N.Y.C.R.R. § 146-3.5.

49.     New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 142-2.2.

50.     The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." Zeng Liu v. Jen Chu Fashion Corp, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004) (the court accepted the Plaintiff's estimates of hours worked).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated[,] and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id.*

(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88
(1946), and other cases).

51.     From July 2021 until on or about August 31, 2021, the Plaintiff was paid $16.00 per hour for all of his hours worked (his "regular hourly pay.")

52.     From September 2021 until on or about October 15, 2021, the Plaintiff was not paid the applicable minimum wage.

53.     Defendants were not entitled to take a tip credit for the following because 1) Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Bahena's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146). 2) Defendants failed to inform Plaintiff Bahena that Defendants intended to take a deduction against Plaintiff Bahena's earned wages for tip income, as required by the NYLL before any deduction may be taken. 12 NYCRR 146-1.3.

54.     Thus, Plaintiff Bahena's back wages are calculated by first determining his lawful weekly wage had he been paid at his regular hourly wage of $16 per hour and proper overtime rate of $24.00 per hour (his "lawful weekly pay") and then subtracting the amount he was actually paid (his "credited weekly pay"). *See* Ex. 9.

55.     Plaintiff is entitled to unpaid minimum wages and overtime compensation in the amount of $6,864.00

56.     As of May 18, 2022, Plaintiff Bahena is entitled to $426.61  in prejudgment interest on wages and overtime. *See* Exhibit 7.

### Spread of Hours

57.     Plaintiff Bahena is also entitled to "spread-of-hours" pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of

overtime-rate pay beyond their regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 146-1.6; Angamarca v. Pita Grill 7 Inc., 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012).

58. As set out above, plaintiff Bahena routinely worked more than 10 hours per day during his employment with the Defendants.

59. Plaintiff Bahena is entitled to $1,080.00 in unpaid spread of hours pay. As of May 18, 2022, Plaintiff is entitled to $1,080.00 in prejudgment interest on the unpaid spread of hours pay. See Exhibit 7.

Wage Notice and Statement Violations

60. Defendants never provided Plaintiffs with annual notices of their wages, or a wage statement, as required by NYLL §§ 195(1), 195(3).

61. Plaintiff is thus entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.00.

Liquidated Damages

62. Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

63.     Likewise, under the NYLL, "an employee is also entitled to liquidated damages 'equal to one hundred percent of the total of such underpayments found to be due,' unless the employer proves a good faith basis for believing he or she was in compliance with the law." Wei, 2014 U.S. Dist. LEXIS 182325, *23 (quoting N.Y. Lab. Law § 663(1)).

64.     Given the uncontroverted evidence of Defendants' lack of good faith Plaintiff is entitled by statute to liquidated damages under the New York Labor Law, computed at 100% for any unpaid minimum and overtime wages within the relevant time period.

65.     Plaintiff Bahena's total unpaid wages equal $6,864.00, all incurred after April 9th, 2011. Thus, he is entitled to 100% liquidated damages on back wages in the amount of $6,864.00. See Exhibit 7.

66.     Plaintiff Bahena's total unpaid spread of hours damages equals $1,080.00, all incurred after April 9th, 2011. Thus, he is entitled to 100% liquidated damages on spread of hours damages in the amount of $1,080.00. See Exhibit 7.

67.     Plaintiff Bahena is additionally entitled to liquidated damages on his untimely wages pursuant to NYLL § 191 and NYLL §198(1-a). *Vega v CM & Assoc. Constr. Mgt., LLC,* 175 AD3d 1144, 1146 (1st Dept 2019).

68.     NYLL § 191 requires that manual laborers be paid weekly and no later than seven days after their wages are earned.

69.     As a waiter, Plaintiff Bahena was a manual laborer within the meaning of the New York Labor Law. *Urtubia v B.A. Victory Corp.,* 857 F Supp 2d 476, 482 (SDNY 2012).

70.     As set forth above, from approximately July of 2021 until on or about August 2021, Plaintiff was paid on a biweekly basis. As such, his untimely payments during this time

period are calculated by first multiplying his "Lawful Weekly Wage" by the number of weeks in the relevant time period, the dividing this amount by two.

71. From approximately September 1, 2021 until on or about October 15, 2021, Plaintiff Bahena was paid nothing for his work. As such the entirety of his wages were untimely, and the proper amount is equal to his total unpaid wages for this time period.

72. Thus, Plaintiff is entitled to liquid damages on his untimely payments in the amount of $10,680.00.

Attorneys' Fees and Costs

73. The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

74. Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorney's fees and costs in the amount of $3605.50.

75. The costs are a total of $618.00 including a filing fee of $402.00 and fees associated with serving the Defendants with the summons and complaint.

76. A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached hereto as **Exhibit 8**.

77. The timekeepers on this matter are indicated by the following initials and have the following rates:

A brief biography of each attorney who performed billed work in this matter is as follows:

i.   Catalina Sojo is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at Viacom CBS. Her work is billed at a rate of $350 per hour.

ii.   Clela A. Errington is an associate at CSM Legal. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined CSM Legal in 2021. Her work is billed at a rate of $350 per hour.

Conclusion

78.   Based on the above information and exhibits, Plaintiff asserts the record supports a judgment against the Defendant in favor of Plaintiff in the total amount of $36,630.00 for unpaid minimum and overtime wages and damages, spread of hour pay and damages, liquidated damages, prejudgment interest and other claims. Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

79.   Additionally, Plaintiff is entitled to $3,605.50 in attorneys' fees and costs.   See Exhibit 8.

80.     As shown herein, no inquest is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by the Plaintiff that allows damages to be calculated with reasonable certainty.

81.     No part of the judgment sought has been paid.

82.     Sufficient definitive information and documentation is provided such that the amount provided for in the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by the Plaintiff's affidavit accompanying these motion papers.

83.     Plaintiff also makes a request for interest on the principal amount of the judgment not to exceed 9%, as stated above and in the damages calculations.

84.     Plaintiff also requests that  the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

85.     The calculations made in arriving at the proposed judgment amount are set forth in both the explanation above, and in the damages chart itself.

86.     For the reasons stated above and in the accompanying exhibits, the Plaintiff's motion for a default judgment should be granted.

Dated: New York, New York
          May 23, 2022

                                                        /s_____
                                                          Catalina Sojo